501 A.2d 277

Albert J. AIKENS, Richard J. Aikens, Clifford M. Aikens, Michael J. Alloe, Helen Arble, Harold E. Bailey, Eugene Baker, Martha Kay Baker, Donna J. Banyas, Fred Barton, Michael D. Bateman, Dennis Beldin, George Benec, John D. Benec, Reginald Bethune, John Bey, Harold John Blakely, Benjamin Brown, Jr., James P. Bucci, Ronald J. Bure, Alice Burgett, Sigmonda Catalone, Eiljah Chapman, Chea Chhim, Richard Chop, Edward D. Collington, Glenn Conneil, Juanita E. Connor, Annabelle Cooper, Thelma A. Cox, David Creighton, Jesse Cummings, Robert E. Cummings, Robert Earl Cummings, Jr., Eddie Cunningham, Cheryl Delucia, Samuel L. Demark, Claudino T. Devito, Maureen Disiena, Dennis T. Donaldson, William R. Dow, Lois F. Eckenroad, Ronald Farren, Michael G. Felton, Jr., Don Fetsick, Richard T. Fetsick, Thomas L. Fetsick, James R. Fields, Jean M. Fields, John R. Finnigan, Ozzie W. Fletcher, Patricia Focht, Robert L. Gay, Ellen Goldsmith, Bryan K. Goodrow, James D. Gregory, Sandra Gregory, Dale Griffith, James Grovanz, David Hallawell, John Harden, Elyah Harrier, Mackina Harrier, Harry D. Hart, Charles J. Hartman, Jr., Paul E. Haviland, Jack A. Helsel, Kiem Hoang, Stephen L. Irwin, Sylvia V. Ives, James L. Jackson, Ada Johnson, Doris A. Johnson, Maxine D. Johnson, Edna S. Jordan, Paul J. Kamats, Marcel L. Kanewski, David Allen Keller, Delores Keslar, Bernard C. Kinner, Susan Kline, Darryl Kountz, Nicholas Krul, Leo J. Kurp, Frank Lamanna, Earl E. Lanious, Alex Lapinski, Alexander Lapinski, Jr., Joyce A. Lee, Harry M. Lindsey, Jr., Sara L. Lucas, William Lynch, Lawrence C. Macklin, Harry E. Mansfield, Wayne L. Mapp, Frederick C. Marshall, Victoria L. Marshall, Joseph N. Martis, Stephen A. Maszle, Eugene E. McAdams, Carl A. McCourt, Vivian McFall, Raymond McFeaters, Martha Miller, Ethel Milton, James Milton, Gerald W. Moate, Joyce Moore, Linda K. Moore, Roselie Moore, May Moua, Patrick J. Mullen, Alfred M. Neenan, Phat Nguren, Roger Nichols, Thomas M. Nowakowski, Thomas E. Oliver, Terry J. O'Neill, William H. Pennington, Dennis Pesock, Ricky L. Purchell, William L. Putt, Robert C. Ribich, James R. Richards, Robert S. Ridley, Yvonne Rose, Thomas L. Rossman, Sr., Clarence E. Sabin, Donald L. Schorr, Samuel L. Seabolt, Jayanti K. Shah, Thomas Shirley, Gary Wayne Skowron, Franklin R. Smalls, Jack T. Smith, Norman Smith, Stephen L. Snyder, Frank Staszak, Jr., Charlotte Stevens, Howard Stuart, Linda A. Stuart, Joseph C. Studer, Joseph Szewoow, Janet

18

Tartaglia, John Teates, Arnold J. Thomas, Timothy A. Vargo, Cyril Waddington, Joseph W. Walczak, Jr., Robert R. Walker, Steven Wheatley, Alexander Whitaker, Frank G. Wolfanger, John M. Yahnite, Donald Yoder, Bernard R. Zikefoose, Boa Pham Phuoc, Ronald R. Zimmerman, Lillie L. Beasley, Robert J. Yaremko, Benjamin F. Williams, Frank J. Lach, Leroy Brown, Alfred E. Stunkey, Rita M. Glasser, Hoa Duc Pham, Baqphuoc Pham, Wilhelminia Jo Peterson, Martin J. Doherty, Roy F. Titchenell, Joseph W. Mills, William F. Lynch, Joseph Kossarth and Tony C. Doan, Appellants,

v.

BALTIMORE AND OHIO RAILROAD COMPANY, A Corporation, and its Parent, Chessie System, Inc., and Pittsburgh and Lake Erie Railroad Company, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Nov. 29, 1985.

Michele M. Lally, Pittsburgh, for appellants.

Theresa Homisak, Pittsburgh, for appellees.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

This appeal follows an order by the Court of Common Pleas of Allegheny County, Civil Division, which granted judgment on the pleadings to the appellees and dismissed appellants' complaint. Appellants, employees of the Motor Coils Manufacturing Company, Inc., brought suit seeking damages for lost wages, alleging that appellees' negligence caused a train derailment which damaged the Motor Coils plant. As a result of the derailment, production at the plant was curtailed and appellants suffered loss of work and wages. Appellants did not suffer personal injury or property damage from the derailment.

On appeal, the appellants raise two issues. First, appellants argue that Pennsylvania should recognize a cause of

action to compensate a party suffering purely economic loss, absent any direct physical injury or property damage, as a result of the negligence of another party. We find this argument to be without merit.

■ The general rule is stated in the Restatement (Second) of Torts Sec. 766C:

**Negligent Interference with Contract or Prospective Contractual Relation.** One is not liable to another for pecuniary harm not deriving from physical harm to the other, if that harm results from the actor's negligently

(a) causing a third person not to perform a contract with the other, or

(b) interfering with the other's performance of his contract or making the performance more expensive or burdensome, or

(c) interfering with the other's acquiring a contractual relation with a third person.

Thus, recovery for purely economic loss occasioned by tortious interference with contract or economic advantage is not available under a negligence theory. *Local Joint Executive Board of Las Vegas v. Stern,* 98 Nev. 409, 651 P.2d 637 (1982). A cause of action exists in this situation only if the tortious interference was intentional or involved parties in a special relationship to one another. *See Petition of S.C. Loveland, Inc.,* 170 F.Supp. 786 (E.D.Pa.1959); W. Prosser, Handbook of the Law of Torts Sec. 130 (4th Ed.1971).

The roots of this well-established rule reach back to the United States Supreme Court decision of *Robins Dry Dock and Repair Company v. Flint,* 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927). Writing for the Court, Mr. Justice Holmes stated:

(A)s a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong. The law does not spread its protection so far.

275 U.S. at 309, 48 S.Ct. at 135, 72 L.Ed. at 292. Therefore, negligent harm to economic advantage alone is too remote for recovery under a negligence theory. The reason a plaintiff cannot recover stems from the fact that the negligent actor has no knowledge of the contract or prospective relation and thus has no reason to foresee any harm to the plaintiff's interest. *See General Foods Corp. v. United States,* 448 F.Supp. 111 (D.Md.1978); *Just's, Inc. v. Arrington Construction Company,* 99 Idaho 462, 583 P.2d 997 (1978); *Stevenson v. East Ohio Gas Co.,* 73 N.E.2d 200 (Ohio App.1946).

■ Recently, the Georgia Court of Appeals was faced with a factual setting quite similar to the case at bar. In *Willis v. Georgia Northern Railway Company,* 169 Ga. App. 743, 314 S.E.2d 919 (1984), the appellants were employees of a plant which was damaged when eight loaded railcars owned by the appellee railroad broke free and rolled into the plant. The plant employees sued the railroad for lost wages. The Georgia Court held that the employees' right to wages existed by virtue of their relationship with the plant and not the railroad. Thus, loss of wages was not a probable consequence of the railroad's negligence and the damages claimed were too remote. *Id.* We find this reasoning persuasive.

Finally, we note that allowance of a cause of action for negligent interference with economic advantage would create an undue burden upon industrial freedom of action, and would create a disproportion between the large amount of damages that might be recovered and the extent of the defendant's fault. *See* Restatement (Second) of Torts Sec. 766C, comment a (1979). To allow a cause of action for negligent cause of purely economic loss would be to open the door to every person in the economic chain of the negligent person or business to bring a cause of action. Such an outstanding burden is clearly inappropriate and a danger to our economic system.

■ Accordingly, we decline appellants' invitation to adopt the reasoning of the California Supreme Court in

*J'Aire Corp. v. Gregory,* 24 Cal.3d 799, 157 Cal.Rptr. 407, 598 P.2d 60 (1979), and to extend negligence liability to embrace purely economic loss. Such an extension would clearly lead to problems in consistency and foreseeability, and could be harmful in scope. Instead, we adopt the majority rule of the Restatement (Second) of Torts Sec. 766C, and hold that no cause of action exists for negligence that causes only economic loss.

■■■■ Appellants' second argument is that the trial court erred in granting appellees' motion for judgment on the pleadings because there were genuine issues of material fact in dispute between the parties. We note that judgment on the pleadings can be awarded on the basis that the appellants failed to state a cause of action. *Enoch v. Food Fair Stores, Inc.,* 232 Pa.Super. 1, 331 A.2d 912, 914 (1974). If appellants attempt to recover on a theory which is not recognized as a matter of law, a grant of judgment on the pleadings is proper. *Id.* In such case, a trial would surely be a "fruitless exercise." *Keil v. Good,* 467 Pa. 317, 356 A.2d 768, 769 (1976). Given this Court's finding today that no cause of action exists for negligence which results in only economic loss, judgment on the pleadings is proper, and appellants' arguments are meritless.

Order affirmed.