## Cox v. Calabrese

*Richard Ruth,* for plaintiffs.
*David Johnson,* for defendant.

LEVIN, *J.,* September 25, 1986—This matter is before the court on defendant's preliminary objections to the amended complaint. The amended complaint sets forth claims in four counts. They are: count I, intentional interference with contractual relationship by plaintiff, Dr. Cox; count II, negligent interference with contractual relations by plaintiff, Dr. Cox; count III, intentional interference with contractual relations by plaintiff, Mrs. Cox; count IV, negligent interference with contractual relations by plaintiff, Mrs. Cox. Additionally, plaintiff seek both compensatory and punitive damages.

Defendant's preliminary objections were in the nature of a motion to strike any claims in counts I and III for emotional distress. Also, there is a motion to strike any claim for any punitive damages pleaded in the amended complaint. Finally, there is a demurrer to counts II and IV of the amended complaint. At the time of oral argument, defendant withdrew his motion to strike any claims in counts I and III for emotional distress. With respect to the motion to strike any claim for punitive damages, this court at the time of argument sustained the mo-

tion, but permitted plaintiff to file a second amended complaint. In so doing, the court directed plaintiff in filing this second amended complaint to be more specific in pleading those claims for punitive damages.

The last issue to be considered is defendant's demurrer to counts II and IV of the amended complaint. The major consideration before this court with respect to this issue is whether Pennsylvania law recognizes a cause of action for negligent interference with a contract. The principal Pennsylvania authority on this issue is *Aikens v. Baltimore & Ohio Railroad Company*, 348 Pa. Super. 17, 501 A.2d 277 (1985).

The *Aikens* case involved employees of a plant who were damaged by a train derailment. Their claim was brought to recover lost wages. Therein the Superior Court held that no cause of action would be recognized for negligent interference with contract resulting in only economic loss, where plaintiffs are unknown to the alleged tortfeasor. In so holding, the Superior Court reasoned:

"[n]egligent harm to *economic advantage alone* is too remote for recovery under a negligence theory. The reason a plaintiff cannot recover stems from the fact that the negligent actor has *no knowledge* of the contract or prospective relation and thus no reason to forsee any harm to plaintiff's interest. See *General Foods Corp. v. United States*, 448 F.Supp. 111 (D.Md. 1978); *Just's Inc. v. Arrington Construction Company*, 99 Idaho 462, 583 P.2d 997 (1978); *Stevenson v. East Ohio Gas Co.*, 73 N.E. 2d 200 (Ohio App. 1946)." *Aikens v. Baltimore & Ohio Railroad Co., supra.* (emphasis supplied)

The initial consideration of this court is with respect to those statements made by the Superior Court regarding the existence in a special relation-

ship or knowledge between the parties.[1] That language used by the Superior Court implies that if the parties had knowledge of a contract or were in a special relationship, then a cause of action may possibly lie in negligent interference with a contractual relationship.

When analyzing the *Aikens* case, this court is faced with the question of whether the Superior Court's holding precludes recovery in all cases where a party seeks recovery under a theory of negligent interference with a contract or whether the exclusion is limited to those persons unknown to defendant seeking *purely economic damage*. Throughout their opinion, the Superior Court uses the adverbs "purely" and "only" in conjunction with the phrase "economic damage" when discussing the right to recovery.[2] A review of the Pennsylvania

---

1. Those statements are:

"A cause of action exists in this situation only if the tortious interference was intentional or involved parties in a special relationship to one another." *Aikens v. Baltimore & Ohio Railroad Co.*, 348 Pa. Super. 17, 20, 501 A.2d 277, 278 (1985).

And:

"The reason a plaintiff cannot recover stems from the fact that a negligent actor has no knowledge of the contract or prospective relations and thus has no reason to foresee any harm to plaintiff's interest." *Id.* at 21, 501 A.2d at 279. (citations omitted)

2. The court in *Aikens v. Baltimore & Ohio Railroad Co.*, 348 Pa. Super. 17, 20, 501 A.2d 277, 278 (1985) states:

"[r]ecovery for purely economic loss occasioned by tortious interference with contract or economic advantage is not available under a negligence theory."

And:

"We . . . hold that no cause of action exists for negligence that causes only economic loss." *Id.* at 22, 501 A.2d at 279.

And also:

"Given this court's finding today that no cause of action exists for negligence which results in only economic loss judgment on the pleadings is proper. . ." *Id.*

Rules of Construction, 1 Pa. C.S. §1901 et seq., provides for the manner in which words and phrases in statutes must be construed. Specifically:

"(a) Words and phrases shall be construed according to rules of grammar according to their common and approved usage . . ." 1 Pa. C.S. §1903.

However, this section is also a helpful guide in construing the language in case law.

It is with the principles of construction in mind that this court must read the *Aikens* opinion.

There is a clear implication that the aforementioned cause of action would exist if a party sought recovery for negligence that results in damages other than purely economic damages. Adopting the common-usage interpretation, if the *Aikens* court wanted to foreclose all recovery under this cause of action, it would not have used the adverbs "only" and "purely" when referring to economic damages. These adverbs are, by definition, words of limitation or exclusivity. This court necessarily understands the Superior Court to say that a claim for negligent interference with a contract will not be successful if the party seeks recovery of damages for only economic losses. Further, even if this court does not rely on the aforementioned construction principles, the Superior Court's intention becomes even more evident if the words "purely" or "only" are omitted from their opinion.[3] Therefore, the instant claim is not precluded since there are damages other than economic damages pled.

For the foregoing reasons, defendant's preliminary objections in the nature of a demurrer to

---

3. If such had been done, then defendant's contention would have merit. Inasmuch as the Superior Court did not do so, this court has no alternative but to assume the words were submitted for a purpose. This court cannot blindly shut its eyes to words that appear in an appellate court decision.

counts II and IV of plaintiff's amended complaint are denied.

## ORDER

And now, September 25, 1986, it is hereby ordered, adjudged, and decreed as follows:

(1) Defendant's preliminary objections in the nature of a demurrer to counts II and IV of plaintiffs' amended complaint are denied.

(2) Defendant's preliminary objections as to counts I and II for emotional distress are denied.

(3) The motion filed by defendant to strike claims for punitive damages is sustained subject, however, to the caveat that plaintiffs are permitted to file a second amended complaint which would be more specific in pleading these claims for punitive damages within 30 days from the date hereof.