543 A.2d 1238

**Martin MARGOLIS, John Black, and Milton Lopus, t/d/b/a Financial Management Services, A Partnership, Appellants,**

**v.**

**Frank W. JACKSON, Jackson Gastroenterology Ltd., and Polyclinic Medical Center.**

Superior Court of Pennsylvania.

Submitted April 5, 1988.

Filed July 1, 1988.

Spero T. Lappas, Harrisburg, for appellants.

Wayne R. Spivey, Philadelphia, for appellees.

Before BROSKY, MONTEMURO and JOHNSON, JJ.

BROSKY, Judge:

This is an appeal from an order dismissing appellants' cause of action.

Martin Margolis, John Black and Milton Lopus together make up a partnership known as Financial Management Services. Milton Lopus and the partnership sued appellees alleging an economic loss suffered as a result of tortious acts committed upon Milton Lopus. Upon demurrer the appellant partnership was dismissed. Appellant argues that a partnership has or should have a cause of action against a defendant whose negligence has caused the part-

nership to suffer lost income. We disagree and affirm the order appealed from.

Appellees provided certain medical services to Milton Lopus who subsequently suffered a serious illness. Lopus sued appellees alleging personal injury; Financial Management Services was an additional party and alleged economic loss due to the inability of Lopus to perform his functions in the partnership. Appellant argues its cause of action is not precluded by Pennsylvania law. We must conclude otherwise.

All parties involved here have argued the applicability of our Supreme Court's holding in *Philadelphia v. Philadelphia Rapid Transit Company*, 337 Pa. 1, 10 A.2d 434 (1940). There, the City of Philadelphia attempted to recover damages in the form of wages and expenses paid to three firemen as a result of injuries they received when a trolley operated by the appellee struck a fire truck. The Court stated that whatever right the city had to recover such damages must be based upon the equitable doctrine of subrogation, and, in so doing, implicitly indicated that the city had no cause of action in its own right.

In *Whirley Industries, Inc. v. Segel*, 316 Pa.Super. 75, 462 A.2d 800 (1983), a panel of this court concluded that an employer's cause of action against a third party could not be maintained where the employer sought recovery for increased workers compensation premiums resulting from a motor vehicle accident involving the third party and the employer's employee. We made this conclusion even after acknowledging that, under such facts, the employer had no opportunity to recover via subrogation by provisions in the No-fault Act.[1]

---

**1.** It would appear that the employer would have no right to recover these damages through subrogation as the employee would have no right to recover these damages from the tortfeasor. The subrogation right would belong to the insurer who paid the worker's compensation benefits to the employee for lost wages and medical expenses, as those damages would be recoverable by the injured-employee from the tortfeasor. See generally, *Allstate Insurance Co. v. Clarke*, 364 Pa.Super. 196, 527 A.2d 1021 (1987).

Both of the above cases dealt with an economic loss "out-of-pocket", a type of loss representing money actually paid out by the employer. Appellant partnership, however, is seeking loss of expected profits. Attempts to recover such losses have also met with dismissal. In *Aikens v. Baltimore and Ohio Railroad Co.*, 348 Pa.Super. 17, 501 A.2d 277 (1985), employees at a manufacturing company sued a railroad company where a train derailed and damaged the plant, causing the employees to miss work and wages. We held there that no cause of action was allowed for recovery of only economic loss occasioned by a negligent act. Although the present case is not identical to those above, the principle running throughout appears to convincingly foreclose the action found in this case.

The above cited cases clearly limit the extent that a negligent tortfeasor will be made legally liable for an economic loss caused directly or indirectly by the tortfeasor's negligent act or conduct. Purely economical loss, when not accompanied with or occasioned by injury, is considered beyond the scope of recovery even if a direct result of the negligent act. *Aikens*, supra. Economic loss that is experienced due to an obligation of an employer to an employee, and occasioned by the negligence of a third party, will not give rise to an independent action by the employer against the third party, but rather, at best, a right of subrogation. *Philadelphia v. Philadelphia Rapid Transit*, supra., *Whirley*, supra. From these holdings it is obvious that a partnership or its partners will not be allowed to recover at law against a third party negligent tortfeasor when it suffers a loss of expected profits as the indirect result of the negligent incapacitation of a member of the partnership. Although some of the discussion behind the previous holdings centered around the foreseeability of the loss, other factors, perhaps even more convincing than foreseeability itself, have figured prominently in those holdings as well. For instance, in *Aikens* we stated:

To allow a cause of action for negligent cause of purely economic loss would be to open the door to every person in the economic chain of the negligent person or business to bring a cause of action. Such an outstanding burden is clearly inappropriate and a danger to our economic system.

348 Pa.Superior Ct. at 21, 501 A.2d at 279.

Even more relevant to our holding today is the view expressed by our Supreme Court in the *Philadelphia Rapid Transit* case:

Appellant contends that the relation between the city and the firemen was that of master and servant and a common law a master has a right of action for loss of services of his servant caused by the negligence of a third party and that the city's suit can be sustained on that theory. It is extremely doubtful whether such a right of action should be recognized under modern conditions. It had its beginnings at a time when the relation of master and servant was totally different from that of today.

10 A.2d at 435–36.

This is essentially what appellants have asked us to do today and, as intimated by our Supreme Court, we find such a cause of action inappropriate and unrealistic in today's economic and social climate.

For the foregoing reasons, we affirm the order appealed from.

Order affirmed.

MONTEMURO, J., concurs in the result.