**LEASE NAVAJO, INC., Plaintiff,**

v.

**CAP AVIATION, INC.,
Defendant/Third–Party
Plaintiff,**

v.

**TEXTRON LYCOMING DIVISION OF AVCO CORPORATION, Textron Lycoming, a Subsidiary of Textron, Inc., and Avco Lycoming, Williamsport Division, Third–Party Defendant.**

Civ. A. No. 88–6627.

United States District Court,
E.D. Pennsylvania.

April 3, 1991.

Alan S. Carpel, Wessel & Carpel, Philadelphia, Pa., for plaintiff Lease Navajo, Inc.

Arthur Hankin, Bolger, Picker, Hankin & Tannenbaum, Philadephia, Pa., for defendant/third-party plaintiff Cap Aviation, Inc.

James J. Bee, Kelly, McLaughlin & Foster, Philadelphia, Pa., for third–party defendant Avco Lycoming Div.-Avco Corp.

## MEMORANDUM

TROUTMAN, Senior District Judge.

The above captioned action arises from the explosions of two aircraft engines which were rebuilt and installed by defendant/third-party plaintiff, Cap Aviation, Inc. ("Cap Aviation"), in one of plaintiff's, Lease Navajo, Inc., planes. Since third-party defendant, Avco Lycoming Division–Avco Corporation ("Avco Lycoming", improperly designated in the caption), manufactured the explosive engines and, allegedly, subsequently supplied certain component parts used by Cap Aviation, Cap Aviation filed a third-party complaint claiming contribution and indemnity. Avco Lycoming subsequently filed the Motion for Summary Judgment which is now before the Court. For the reasons which follow, the motion will be denied.

## I. BACKGROUND

In May of 1986, plaintiff hired defendant, Cap Aviation, to rebuild and install an engine in one of its planes. After the work was completed and paid for, and approximately eight months after the work had proceeded, the "engine failed when it exploded in the air near Saginaw, Michigan, on or about January 21, 1987, . . . ." Plaintiff's Complaint, at ¶ 5 (Attached to Motion for Summary Judgment as exhibit "A"). Defendant thereafter installed a second engine at no cost to plaintiff. In November, 1987, this second engine also exploded. Plaintiff's complaint alleges that defendant breached its warranty of merchantability and fitness for the purpose intended, and that defendant was negligent since it failed to rebuild the engine properly and used defective material. As a result, the complaint seeks recovery for the cost of a third engine installed by another firm, damage to the engine core, left flap, outboard gear door and other structural repairs to the plane, the cost of test flying the plane and flying it back to its home field, shipment of the engine to defendant, and five weeks lost profit.

Cap Aviation filed a third-party complaint against Avco Lycoming alleging, *inter alia*, that Avco Lycoming manufactured both engines, that Avco Lycoming specified and supplied a connecting rod assembly which failed in the first engine, that Avco Lycoming specified and supplied the "rod bolt" portion of the connecting rod assembly which failed in the second engine,

and that Avco Lycoming's most recent technical manual Parts Catalog PC 315 did not give information that the specifications for the component parts at issue had been changed. The third-party complaint, attached to the Motion for Summary Judgment as exhibit "B", claims that Avco Lycoming breached its warranty of merchantability and fitness for the purpose intended "in supplying the aforesaid bolts and rods for the aforesaid engines", at ¶ 14, and that Avco Lycoming was negligent for failing to inform Cap Aviation that it had changed the specification for connecting rod assemblies (the components) used in the engines at issue "to a newer connecting rod assembly having higher tensile strength bolts." As a result, the third-party complaint claims damages for contribution and/or indemnity on

> theories of negligence and warranty for the replacement costs of the engine and core, repair to the aircraft, and the costs that defendant incurred in travelling to the location of the explosion in order to complete said repairs. As a result of the alleged failure of [the second engine], defendant has claimed directly against [Avco Lycoming] under theories of negligence and warranty for the contribution and/or indemnity relating to the failure of [the second engine], as well as consequential damages in the form of business loss.

Memorandum in Support, at 2. *See also,* Memorandum in Opposition, at 3, for Cap Aviation's statement of the claims.

Avco Lycoming filed its motion for summary judgment alleging that the Pennsylvania law applicable to this diversity action bars Cap Aviation's claims under the negligence theories; that the claims based on warranties are barred by the statute of limitations; and that the claims for the consequential damages of loss of business reputation, are barred by "the applicable warranties." *See,* Motion for Summary Judgment, at ¶¶ 11–13.

## II.  LEGAL STANDARDS CONTROLLING A MOTION FOR SUMMARY JUDGMENT

Although familiar, the standards applicable to the Court's consideration of motions for summary judgment bear repeating. Summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

To defeat summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.,* one upon which a reasonable factfinder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court is not permitted, when considering a motion for summary judgment, to weigh the evidence or make determinations as to the credibility thereof. The Court's sole function, with respect to the facts, is to determine whether there are any disputed issues and, if there are, to determine whether they are both genuine and material. *Id.* The Court's consideration of the facts, however, must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358 (3d Cir.1987).

In order to obtain a summary judgment, the proponent of the motion has the initial burden of identifying evidence, from the sources enumerated in Rule 56, which demonstrates the absence of a genuine issue of material fact. When confronted by a properly supported motion for summary judgment, the opposing party is required to produce, from the same sources, some contrary evidence which could support a favorable verdict.

Additionally, where the non-movant bears the burden of proof on the issue which is the subject of the summary judgment motion and is confronted by Cap Aviation's argument that the facts established through the discovery process do not support the claim, that party must identify evidence of record sufficient to establish every element essential to the claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct.

2548, 91 L.Ed.2d 265 (1986). *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141 (3d Cir. 1987).

In order to defeat summary judgment, the party opposing the motion may not rest upon mere denials of the facts identified by the movant as supportive of its position, nor upon the vague and amorphous argument that the record somewhere contains facts sufficient to support its claims. *Childers v. Joseph*, 842 F.2d 689 (3d Cir. 1987). Instead, the party resisting the motion for summary judgment is required to identify specifically the evidence of record which supports the claim and upon which a verdict in its favor may be based. *Id.*

If the movant succeeds in demonstrating that there are no genuine issues of material fact in dispute, or, as sometimes occurs, if the parties agree as to the essential facts, the Court must then be satisfied that the moving party is entitled to judgment as a matter of law. Obviously, it will avail the proponent of summary judgment nothing if the undisputed facts, considered in light of the legal standards applicable to the claim, do not support a judgment in its favor.

## III. DISCUSSION

Avco Lycoming's argument in support of its motion is in two parts. The first asserts that Pennsylvania law does not allow recovery by a commercial purchaser against a manufacturer of a product in a negligence action based in tort when the only injury is to the product itself. The second part asserts that the applicable statute of limitations with respect to the warranty actions began to run when Avco Lycoming originally sold the aircraft engines in 1973 and 1980, and thus the warranty actions are barred. In the alternative, the written limited warranties which accompanied those engines at their original sale also bar recovery.

### A. *Negligence Theory of Liability.*

■ Avco Lycoming argues that the law regarding the type of claims asserted by Cap Aviation is settled. Avco Lycoming cites *Aloe Coal Company v. Clark Equipment Company*, 816 F.2d 110 (3d Cir.1987), wherein a strip mine operator sued the manufacturer of a shovel when a fire of unknown origin destroyed the shovel. Both parties to that case did not dispute that no personal injury or property damage, other than the purely economic loss of the shovel itself, was sustained. The Court held that Aloe Coal Company was barred from recovering the pure economic loss of the shovel in tort as such losses are only proper in the context of a warranty action in contract.

Avco Lycoming also cites cases from the Pennsylvania Superior Court which have held that such purely economic loss due to damages sustained to a product itself are not recoverable in a product liability action in tort. One of those cases, *Rem Coal Company v. Clark Equipment Company*, 386 Pa.Super. 401, 563 A.2d 128 (1989), involved virtually the same set of facts as were involved in *Aloe Coal*, and the same legal decision also resulted. For the same reasons cited in *Aloe Coal Company*, plaintiff was not allowed to recover the purely economic loss from fire damage to a shovel.

Both of these cases were based on the conclusions and reasons found in the United States Supreme Court's decision in *East River S.S. Corporation v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986), wherein the Supreme Court held that purely economical losses due to a defective product, or manufacturing, are not recoverable in tort. Rather, as Avco Lycoming's memorandum in support points out, in such instances involving damage only to the product itself, the appropriate theories to pursue are in contract. Other cases relied on by Avco Lycoming include *Laurens Electric Cooperative, Inc. v. Altec Industries, Inc.*, 889 F.2d 1323 (4th Cir.1989); *Hammerville Paper Co. v. C.T. Main Construction, Inc.*, 662 F.Supp. 816 (W.D.Pa.1987); *General Public Utilities v. Glass Kitchens of Lancaster, Inc.*, 374 Pa.Super. 203, 542 A.2d 567 (1988); *Moore v. Pavex*, 356 Pa.Super. 50, 514 A.2d 137 (1986); *Akins v. Balti-*

*more and Ohio R.R.*, 348 Pa.Super. 17, 501 A.2d 277 (1985); *Continental Insurance, et al. v. Page Engineering Company*, 783 P.2d 641 (Wyo.1989).

Each of these cases involves a subtle yet vital factual difference from the case currently before the Court. Essentially, the cases cited by Avco Lycoming involved a product purchased from the manufacturer as an integrated whole, in which a component failed, thus causing damage to the product itself by rendering it useless. In *Hammerville Paper Co.* plaintiff purchased a boiler, including heating tubes, as a unit. The heating tubes failed to perform properly. Although only the component tubes failed, the tubes were merely parts of an integrated unit purchased as an integrated unit, thus the complaint asserted a claim for damage to the product itself. In *Aloe Coal Company* the alleged failure of a component, presumably a faulty hose mechanism, caused a fire which destroyed not only the component, but the entire shovel unit as well. Although the component caused damage to the entire unit, the result was the same as in *Hammerville* since the shovel was purchased as an integrated unit. The component, as in *Hammerville*, was not a separate purchase.

When one purchases an integrated unit and a part of the integrated unit fails, thus destroying either the part only or the entire unit, the damage is to the product itself. It would not be proper in such instance to distinguish between components and units as there was no such distinction upon the purchase of the unit. A claim based on negligence for purely economic damages to the product in tort is, in that case, properly

denied. Such was the unanimous opinion of the United States Supreme Court, and well as the opinion of the Third Circuit and Pennsylvania Superior Court.

In the present case, however, the reality is that the engines and the allegedly defective components were not purchased as integrated units. Rather, the record shows that Cap Aviation purchased a component part only, consistent with Avco Lycoming's technical manual, which it then installed in an engine manufactured by Avco Lycoming. Nowhere does it appear that Cap Aviation purchased the engines and the components as a whole. The failure of the component caused the damage to other distinct property. It does not appear from Cap Aviation's complaint that it is seeking damages for the destruction of the component part which it purchased, but rather damages for the loss suffered due to the destruction of other property.

The Court does not believe that the Supreme Court of Pennsylvania, which has the final say regarding issues of Pennsylvania law and which has not yet decided this issue, would find otherwise. Such a decision would weigh heavily against consumers, both individuals and commercial.[1] The Court is not determining where the law would lead, instead the Court simply concludes that on the current record, and on the facts as alleged by third-party defendant, Avco Lycoming is not entitled to judgment as a matter of law. Cap Aviation has adequately met its burden as discussed above and points out that the cases upon which Avco Lycoming relies all involved damage only to the product itself, and that Cap Aviation is seeking damages, not for

---

1. For example, if one were to purchase a genuine G.M. part to be installed in a General Motors auto and that part failed causing the destruction of the entire auto, under Avco Lycoming's argument, that consumer would be limited to the sales warranty (either on the sale of the auto or the part), which usually would be limited to seeking the replacement of the part only. That person would thus be left with a new part for a destroyed auto. That person would be prevented from seeking damages for the loss of the entire auto even though the damage was caused by a part separately purchased and separately installed in the auto, a part which was not included when the unit was purchased.

To carry the example further, a person may not be able to pursue a claim for damage to an auto caused, not by a replacement part, but by an add-on part manufactured by the manufacturer of the unit. Thus if the person above added a new genuine G.M. part as an addition to a General Motors auto and which part caused the loss of that auto, General Motors may simply say it is a claim for damage to the auto caused by a component of the auto and therefore damage to the auto itself. This is distinguished from the upgrade performed in *Hammerville* since in that case there was no damage to the boilers, only the tube heaters.

the components, but other property damaged as a result of the alleged defective parts. Cap Aviation specifically states that "the Complaint of Cap Aviation, Inc.[,] is not that the engine was defective. The thrust of the Complaint is that the connecting rods assembly as supplied by Avco Lycoming was defective." Memorandum in Opposition, at 9.

### B. *Warranty Theories of Liability.*
#### 1. Statute of Limitations.

■ Avco Lycoming challenges Cap Aviation's warranty claims by arguing that the statute of limitations bars such claims. Avco Lycoming asserts that 42 Pa.C.S.A. § 5525 provides a four year statute of limitation for an action for breach of warranty which begins to run on the date of the breach, or the date of delivery of the product. Cap Aviation does not contest Avco Lycoming's analysis of the law, but it does disagree with its application to the factual circumstances at issue.

Avco Lycoming's argument assumes that the focus is on the engines as the appropriate product rather than the component parts which it later sold to Cap Aviation. Avco Lycoming alleges that "the statute of limitations began to run on the dates on which each engine was sold and delivered to Piper Aircraft [the initial purchaser of the engines]." Memorandum in Support, at 7. Those dates are May 25, 1973, for the first engine, and November 24, 1980, for the second engine. Clearly, if Avco Lycoming's argument is accepted, Cap Aviation failed to file within the limitations period.

Cap Aviation, however, does not accept this argument. Instead, it argues that its complaint is not that the engines were defective, but rather that the components as supplied by Avco Lycoming were defective. The component parts for the first engine were purchased about May 29, 1986, and for the second engine about February 10, 1987. Memorandum in Opposition, at 9. Thus, argues Cap Aviation, the complaint, filed on February 12, 1989, is clearly within the limitations period.

The Court, therefore, having already determined that the focus is appropriately on the purchase of the component parts, and not the engines, finds that on the record now before the Court, the warranty claims are not barred by the statute of limitations.

#### 2. Written Limited Warranties Provided With Each Engine.

Avco Lycoming argues in the alternative that notwithstanding its assertion regarding the statute of limitations, Cap Aviation's warranty claims are also barred by the written limited warranty provided with each engine at the time each was sold to Piper Aircraft. Having already concluded that the appropriate product to focus on is the component parts allegedly supplied by Avco Lycoming and used by Cap Aviation to rebuild the engines, this argument too must fail. Having no evidence in the record now before the Court regarding what, if any, stated warranty terms, written or otherwise, accompanied the component parts used by Cap Aviation and allegedly supplied by Avco Lycoming, the Court cannot now determine the issues raised in Avco Lycoming's alternative argument.

### IV. CONCLUSION

Avco Lycoming's motion for summary judgment will be denied since on the record now before the Court, Cap Aviation's claims for negligence and breach of warranty, the subjects of the current motion, appear to be proper. The third-party complaint is not, as Avco Lycoming alleges, a complaint in tort for purely economic loss to a product it purchased. The complaint, rather, claims damages in tort for damage to property caused by the failure of a product supplied by Avco Lycoming and used by Cap Aviation to rebuild engines supplied to another buyer at least six years before the explosions. At no time does it appear that Cap Aviation purchased the engines from Avco Lycoming as an integrated unit. Rather, Cap Aviation purchased a component alone which allegedly failed.