Barger v. Alliance Electric Inc.

C.P. of Delaware County, no. 93-50270.

*Thomas Lawrie,* for plaintiff.
*Michael J. Miller,* for defendant.

JENKINS, *J.,* August 23, 1996—On August 10, 1992 plaintiff Barger Construction Inc. and defendant Alliance Electric Inc. entered into a written contract, according to the terms of which Alliance subcontracted with Barger for the performance of excavation work on a project at the Shipley School in Bryn Mawr, Pennsylvania. On August 12, 1992 Alliance's employee, Geremia Ricci, was injured, allegedly as a result of the negligence of Barger's employees.

After Barger completed the work required by its agreement with Alliance, Barger invoiced Alliance in the amount of $29,060. Alliance made a partial payment in the amount of $12,500, but refused to pay the balance of $15,560. It was, and is, Alliance's position that, as a result of the injury to its employee, it incurred prospective and retroactive increases in its workers' compensation insurance premiums for which Barger is liable.

On June 22, 1993, Barger commenced this action in an effort to collect the outstanding balance on the contract. In its counterclaim filed on June 22, 1994,

Alliance sought to obtain damages in the form of compensation for increases in its workers' compensation insurance premiums which resulted from the injury to its foreman. Alliance presented claims based on breach of contract and negligence. On November 30, 1995, Barger filed a motion for summary judgment on its claim for the $15,560 balance due on its contract with Alliance and also seeking dismissal of Alliance's counterclaim. Alliance filed a motion to strike the motion for summary judgment based on untimeliness. After consideration of both motions and the responses thereto, this court granted Barger's motion for summary judgment and denied Alliance's motion to strike.

On February 16, 1996, Alliance filed a timely appeal, thus necessitating this opinion. The statement of matters complained of on appeal filed pursuant to Pa.R.A.P. 1925(b) is unenlightening, complaining simply that the court's decision was "improper." Consequently, this court's rationale will be described.

Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, demonstrate that no genuine triable issue of fact exists and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b); *Stidham v. Millvale Sportsmen's Club,* 421 Pa. Super. 548, 558, 618 A.2d 945, 950 (1992), *appeal denied,* 536 Pa. 630, 637 A.2d 290 (1993). The trial court must examine the record in the light most favorable to the nonmoving party and resolve all doubts against the moving party. *Id.*

Accordingly, for the purpose of considering Barger's motion for summary judgment, this court has assumed that the injuries suffered by Alliance's foreman were caused by the actions of Barger's employees. However, as a matter of law, that assumption fails to sustain a

claim for the damages sought by Alliance on either a negligence or contract theory.

In its negligence action, Alliance seeks compensation soley for the economic loss attributable to the negligence of Barger. A cause of action will not be allowed for recovery of an economic loss occasioned by a negligent act. Economic loss that is experienced due to an obligation of an employer to an employee, and occasioned by the negligence of a third party, will not give rise to an independent action by the employer against a third party, but rather, at best, a right of subrogation. *Philadelphia v. Philadelphia Rapid Transit Company,* 337 Pa. 1, 10 A.2d 434 (1940). "To allow a cause of action for negligent cause of purely economic loss would be to open the door to every person in the economic chain of the negligent person or business to bring a cause of action. Such an outstanding burden is clearly inappropriate and a danger to our economic system." *Aikens v. Baltimore and Ohio Railroad Company,* 348 Pa. Super. 17, 21, 501 A.2d 277, 279 (1985).

More specifically, the Superior Court sustained a demurrer to a claim for increased workers' compensation insurance premiums in a negligence action in *Whirley Industries Inc. v. Segel,* 316 Pa. Super. 75, 462 A.2d 800 (1983). The court noted that "insurance premium increases result from a concurrence of circumstances, including the owner's prior loss experience and the internal financial practices of the particular insurance carrier. . . ." *Id.* at 82, 462 A.2d at 804. (footnote omitted) As a result, the economic harm is too remote from the cause in fact to be attributable to the third party tort-feasor.

With respect to Alliance's breach of contract claim against Barger, it must show that its damages (1) would naturally and ordinarily follow from the violation, (2)

were *reasonably foreseeable* (emphasis added) and within the contemplation of the parties at the time they made the contract and (3) can be proved with reasonable certainty. *Rusiski v. Pribonic,* 511 Pa. 383, 515 A.2d 507 (1986). The issue here is whether, at the time that the contract was made, an increase in the employer's workmen's compensation premiums following an accident was reasonably foreseeable by the party who caused the injury.

The foreseeability requirement found in the negligence analysis above therefore also plays a role in the determination of the viability of a breach of contract claim founded on the same damages. Again, because insurance premium increases result from a concurrence of many circumstances, the economic harm is too remote from the cause in fact to be attributable to Barger. Accordingly, this court found that the increase in Alliance's premiums as a result of the injury to its foreman was not reasonably foreseeable by Barger or within the contemplation of the parties at the time the contract was made. As such, this court granted summary judgment in favor of Barger and against Alliance on its breach of contract claim.

It also appears that Alliance has complained of this court's decision to decide the motion to strike and the motion for summary judgment without allowing Alliance the opportunity of oral argument. However, in ruling on a motion, it is within the discretion of the trial court to decide whether oral argument is required. *Myszkowski v. Penn Stroud Hotel Inc.,* 430 Pa. Super. 315, 634 A.2d 622 (1993). In this action, the court was adequately apprised of the issues presented to it by the written motions, the responses filed and a substantial record. Alliance was not in any way prejudiced by lack of oral argument in this matter.

Finally, Alliance complains that Barger's motion for summary judgment was untimely and should have been stricken. Although the motion was filed beyond the motion deadline set by the trial court in its pretrial scheduling order, the motion did not delay trial, and was therefore timely with reference to the Pennsylvania Rules of Civil Procedure. In fact, the motion for summary judgment obviated the need to commence a purposeless trial and resulted in the conservation of limited judicial resources.

For the foregoing reasons, defendant's motion to strike was denied and plaintiff's motion for summary judgment was granted. Judgment was accordingly entered in favor of plaintiff and against defendant on plaintiff's complaint in the amount of $15,060 and in favor of plaintiff and against defendant on all counts of defendant's counterclaim.