**Howard S. KLEIN**

v.

**Robin OPP, and Quality Products, Inc.**

**Civil Action No. 95–1332.**

United States District Court,
E.D. Pennsylvania.

Oct. 4, 1996.

---

David A. Klein, Philadelphia, PA, for plaintiff Howard S. Klein.

H. Thomas Hunt, III, Hunt & Scaramella, P.C., Cherry Hill, NJ, for defendant Robin Opp.

Robin Opp, Incline Village, NV, pro se.

Richard W. Cohen, Robinson, Brog, Leinwand, Greene, Genovese & Gluck, P.C., New York City, for defendant Quality Products, Inc.

## MEMORANDUM AND ORDER

FULLAM, Senior District Judge.

Over a three-year period, from 1990 to 1993, plaintiff purchased more than $300,-000.00 worth of the stock of the defendant Quality Products, Inc., through the defendant broker, Robin Opp. Plaintiff alleges that he sustained substantial losses on this investment, and charges the defendants with violations of federal and state securities laws, and related wrongdoing. Both defendants (a third defendant, James B. Renaldo, has been dismissed on jurisdictional grounds, with plaintiff's consent) have filed motions for summary judgment.

It is very clear that all of Plaintiff's claims against the defendant Robin Opp arose from Opp's activities as a securities broker, and that plaintiff is contractually bound to submit those claims to arbitration. The only disputed issue of fact on that subject is whether, as plaintiff contends, Mr. Opp also purchased some of the toys and novelties manufactured by Quality Products in order to re-sell them in California (i.e., whether Mr. Opp was a distributor of these products); the defendants vehemently deny that any such distributorship arrangement ever existed. But whether Mr. Opp was or was not a distributor of goods manufactured by Quality Products Inc. is totally irrelevant to the question of the arbitrability of plaintiff's claims against Opp. Plaintiff's complaint against Mr. Opp will be dismissed without prejudice, with directions to submit these claims to arbitration (if plaintiff has not already done so).

With respect to the remaining defendant, Quality Products Inc., the legal analysis is somewhat more complicated, and is somewhat more difficult because of the lack of precision in plaintiff's articulation of his legal contentions.

In this action, plaintiff alleges that, during the three-year period 1990–1993, he purchased Quality Products stock in reliance upon false and misleading and fraudulent representations made by Mr. Opp, and by the defendant Quality Products itself, through the agency of its president (the former defendant Mr. Renaldo). As set forth in the pleadings, and in plaintiff's briefs, the only representations mentioned are predictions concerning the likely increase in the earnings of the company, and the consequent likelihood of an increase in the value of its shares. And the complaint clearly alleges that, in fact, the company's shares did increase in value—so much so that, if plaintiff had sold his shares in December of 1993, as he allegedly wanted to do, he would have realized a profit in excess of $500,000.00.

■ In this action, plaintiff asserts that he was persuaded by the defendants to retain his shares, by false and misleading representations to the effect that the company was negotiating a lucrative arrangement with the Disney Company. In a companion case brought by plaintiff against Mr. Opp and the three brokerage houses he was employed by at various times, *Klein v. Opp, et al.* (Civil Action 95–CV–0087) plaintiff asserted that he was unable to sell his Quality Products stock at the top of the market (in December 1993)

because Mr. Opp was absent on vacation, and breached his fiduciary obligations by failing repeatedly to execute plaintiff's sell-orders promptly. Moreover, it is clear that negotiations were being conducted with the Disney Company. The only specific announcement about these negotiations which plaintiff points to as false and fraudulent (a prediction that a contract would soon be signed) did not occur until March 1994, and was promptly followed by disclosure that the negotiations had fallen through.

I need not pursue these anomalies in plaintiff's contentions to any firm conclusion, because (1) the securities laws do not give rise to any action for damages predicated upon retention of securities, only their purchase or sale, see: *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 737–738, 95 S.Ct. 1917, 1926–1927, 44 L.Ed.2d 539 (1975); (2) all claims predicated upon plaintiff's purchases of Quality Products shares are time-barred; (3) plaintiff has not identified any misrepresentation of fact upon which he relied in purchasing or selling securities.

 These observations are equally applicable to plaintiff's claims under the federal statute (count I) and under the Pennsylvania Securities Act (counts II & III). Plaintiff's claims for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201 *et seq.* (count IV of the complaint) must be dismissed because that statute is inapplicable to purchases of securities. The RICO count (count VI) must be dismissed because no separate enterprise is alleged or established. Plaintiff's claims for fraud and deceit (count V) and for punitive damages (count VII) fall with the securities act claims. And finally, plaintiff's claims for negligence (count VIII) must fail because only economic loss is alleged. *Getty Refining and Marketing Company v. MTFADI B*, 766 F.2d 829, 833 (3d Cir.1985); *Aikens v. B & O Railroad Company*, 348 Pa.Super. 17, 501 A.2d 277, 279 (1985).

The motion of Quality Products Inc. for summary judgment will be granted. I recognize that plaintiff has filed a motion to compel further discovery, and for sanctions for defendant's alleged failure to comply adequately with discovery requirements. I have carefully reviewed these materials, and conclude (1) that the defendant has adequately responded to all reasonable discovery requests, and that its objections are valid; and (2) more important, that the additional documentation sought by plaintiff is, at best, peripheral to this litigation, and would not give rise to any material factual dispute affecting the basis upon which, in my view, defendant is plainly entitled to summary judgment.

### ORDER

AND NOW, this 3rd day of October, 1996, it is ORDERED:

1) As to the defendant Robin Opp, this action is DISMISSED, WITHOUT PREJUDICE to plaintiff's right to pursue his claims in arbitration.

2) The motion of defendant Quality Products Inc. for summary judgment is GRANTED, and judgment is entered in favor of the defendant Quality Products and against the plaintiff Howard S. Klein.

3) All other pending motions are DISMISSED AS MOOT.