## Igo v. Re/Max International Inc.

*Daniel P. Lynch,* for plaintiffs.
*Jeffrey A. Kubay,* for defendants.

KUNSELMAN, *P.J.,* July 2, 2007—This matter is before the court on preliminary objections to the plaintiffs' amended complaint. Therein the defendants contend that the plaintiffs' tort claims are barred by the economic loss doctrine; the breach of fiduciary duty claim fails to allege that the defendants' failure to act solely for the plaintiffs' benefit was a real factor in bringing about harm; and non-joinder of indispensable parties. We shall overrule the preliminary objections. The facts as alleged in the amended complaint are as follows.

The plaintiffs owned real estate in Aliquippa and entered into a listing agreement with the defendants as their agent to sell the property. The defendants presented an agreement to the plaintiffs with Buyer 1, which contained a "wipeout clause." Under this clause, the agreement was contingent upon Buyer 1 selling their property while the plaintiffs were able to continue to seek another buyer. If a second buyer made an offer, Buyer 1 was to receive 72 hours notice thereof during which time Buyer 1 could either waive the contingency and proceed to close or release the plaintiffs from the agreement.

The defendants found Buyer 2 who made an offer. However, the defendants failed to give Buyer 1 timely notice of the offer of Buyer 2. Eventually, notice was given to Buyer 1 who then waived the contingency. Buyer 2 then filed suit against the plaintiffs and had it indexed as a lis pendens. As a result of the lis pendens, Buyer 1 refused to close on the agreement to purchase the property. The plaintiffs paid Buyer 2 a sum of money to settle the lis pendens, which was then discontinued. The plaintiffs then proceeded to convey the property to Buyer 1.

The plaintiffs' amended complaint against the defendants sets out three causes of action: Count I, breach of fiduciary duties; Count II, professional negligence; and Count III, negligence. In all three counts, the plaintiffs claim the following damages: increase in their pro rata share of real estate taxes; increase in mortgage interest liability; the money paid to Buyer 2 in settlement of the lis pendens; attorney fees in removing the cloud on the title; and lost interest on all amounts paid.

## ECONOMIC LOSS DOCTRINE

In the defendants' first preliminary objection, they contend that all three counts must be dismissed by reason of the economic loss doctrine. This doctrine states that no cause of action exists for negligence that results solely in economic loss and was first recognized in Pennsylvania by our Superior Court in *Aikens v. Baltimore & Ohio Railroad Company,* 348 Pa. Super. 17, 501 A.2d 277 (1985).

We do not agree that the doctrine applies to all tort actions. Our reading of *Aikens* suggests that the court did

not paint with such a wide brush. *Aikens* involved claims for lost wages by employees of a company whose plant was damaged by the defendants' negligence in causing a train derailment. The court cited Restatement (Second) of Torts, §766 C as the general rule. That section provides as follows:

"*Negligent interference with contract or prospective contractual relation.* One is not liable to another for pecuniary harm not deriving from physical harm to the other, if that harm results from the actor's negligently

"(a) causing a third person not to perform a contract with the other, or

"(b) interfering with the other's performance of his contract or making the performance more expensive or burdensome, or

"(c) interfering with the other's acquiring a contractual relation with a third person." Restatement (Second) Torts, §766 C.

The court then said that recovery for purely economic loss caused by tortious interference with a contract or economic advantage is not permitted unless the tortious interference was intentional or involved parties in a special relationship. In so stating, the court expressed two concerns: (1) the tortfeasor has no knowledge of the contract or prospective relation and thus no reason to forsee harm to the plaintiff; and (2) allowing a recovery would place an undue burden upon industrial freedom of action and disproportion between the amount of damages recoverable and the tortfeasor's fault. These two concerns were echoed by the court in *Adams v. Copper Beach Townhome Communities L.P.,* 816 A.2d 301, 307 (Pa. Super 2003).

In the case at bar, there is a special relationship between the plaintiffs and the defendants, and so the defendants had reason to forsee harm to the plaintiffs. Moreover, this dispute is between parties who had direct dealings with each other. Therefore, the concerns of the *Aiken* court that the door would be open to every person in the economic chain to make a claim and thereby burden our economic system is not a concern in the case at bar. For these reasons, the economic loss doctrine does not apply and the first preliminary objection will be overruled.

## BREACH OF FIDUCIARY DUTY

The defendants', preliminary objection to this count claims that the plaintiffs have failed to allege the elements of an action for breach of fiduciary duty. We have examined the complaint and are satisfied that sufficient facts are alleged to satisfy the elements of that tort. Some of the damages alleged may not be recoverable but that does not require dismissal of the count. The defendants further complain that the plaintiffs have not alleged the breach of fiduciary duty was "the real factor" in causing the alleged harm. Causation is a conclusion of law. Only material facts are to be pleaded. Pa.R.C.P. 1019(a). Therefore, we will overrule the preliminary objections to that count.

## NON-JOINDER OF NECESSARY PARTY

The defendants contend that both Buyers 1 and 2 are necessary parties to this litigation. We disagree. Indispensable parties are those whose rights are so connected to the claims of the litigants, that no decree can be made

without impairing those rights. If no relief is sought against such a party or the party's rights would not be prejudiced by any decision, the party is not indispensable. *Grimme Combustion Inc. v. Mergentime Corporation,* 406 Pa. Super. 620, 629, 595 A.2d 77, 81 (1991), *appeal denied,* 530 Pa. 644, 607 A .2d 254 (1992).

We are not persuaded by the defendants' argument that either Buyer 1 or Buyer 2 have any rights at this time which are so connected to the claims in this case that no decree can be made without impairing those rights. Consequently, they are not indispensable parties and need not be joined in this litigation.

An appropriate order is attached.

## ORDER

For the reasons set forth in the attached opinion, the preliminary objections filed on behalf of the defendants are overruled. The defendants are granted leave to file a responsive pleading within 30 days.