**Donaldson v. Davidson Brothers Inc.**

*Lloyd R. Hampton,* for plaintiff.
*Brian A. McCall,* for defendants.
*John A. Statler,* for counterclaim plaintiffs.
*F. Cortez Bell III,* for additional defendants.
*Dennis J. Stofko,* for counterclaim defendant.

GRINE, *P.J.,* June 1, 2010—Presently before the court are preliminary objections brought by Kevin Donaldson, as administrator of the estate of Sarah Donaldson. Donaldson claims that a release signed by a duly authorized representative of LJF Inc. has released Donaldson of all claims except one for loss of contract. LJF agrees that all of its named grounds for counterclaim provided under paragraph 69 of its counterclaim should be dismissed with the exception of paragraph 69(j) which relates to a "loss of contract" claim and paragraph 69(l) which relates to interest on all claims.

Donaldson asks the court to dismiss the claims brought forth in paragraph 69 (j) based on the economic loss doctrine. "[T]he economic loss doctrine generally precludes recovery in negligence actions for injuries which are solely economic." *Excavation Technologies Inc. v. Colombia Gas Company of Pennsylvania,* 985 A.2d 840, 841 (Pa. 2009). The economic loss doctrine usually is applicable where there are no physical damages such as injuries or property damages. *Aikens v. Baltimore and Ohio Railroad Company,* 348 Pa. Super. 17, 501 A.2d 277 (1985). The case currently before the court is specifically problematic. LJF may have, at one time, had a claim for property damage. LJF signed a property damage release and settlement agreement dated October 9, 2009. In that damage release, LJF released Donaldson from every "claim, demand, right, or cause of action involving property damage, down-time, clean-up, repairs, towing and all other non-injury related costs, expenses and/or fees (with the exception of any claim for loss of contract which is hereby preserved)." The release is signed by a duly authorized representative of LJF.

LJF argues that the economic loss doctrine does not apply to this case because there was, at a time, a claim available for property damages. This argument fails for several reasons. The court finds that it would be counter to public policy to allow LJF to move forward with the loss of contract claim contained in paragraph 69(j) of their counterclaim. The policy behind not allowing damages for economic losses without showing physical damage or injury is that claims for economic losses, such as loss of contract, are not a foreseeable result of negligence. *Id.* at 21, 501 A.2d at 279. This reasoning holds true in this case. Additionally, in a case where, such as this case, the claims for the property damage are waived, it is impossible for the court to determine whether they actually existed. It could create a situation where unrepresented defendants are taken advantage of by settlements where no physical damage occurred, but that such claims are waived in a release. Then, as in this case, the plaintiff will claim that those damages existed, but were waived in the release. Additionally, the court finds that while the property damage release and settlement agreement dated October 9, 2009 is valid, it was not signed by Donaldson or any representative of Donaldson. Therefore, LJF has failed to provide the court with a document that shows Donaldson consented to the contract claim being preserved while all other claims are waived. If the court were to allow defendants to unilaterally preserve a loss of contract claim while releasing defendants from all property damages and injury damages, then anyone who has a loss of contract claim could execute such a release and then attempt to go forward with loss of contract claim and represent to the court that property or injury damages existed but were waived.

Even if Donaldson was aware that the intent was to preserve a loss of contract claim, the court still finds that the economic loss doctrine would apply.

The court therefore grants Donaldson's preliminary objections and dismisses LJF's counterclaim with prejudice.

### ORDER

And now, June 1, 2010, the court hereby grants Donaldson's preliminary objections and dismisses LJF's counterclaim with prejudice.